MEMORANDUM ***
Salee Samir Haniyah petitions for review of the Board of Immigration Appeals’ determination, pursuant to 8 U.S.C. § 1158(d)(6), that her asylum application was frivolous. The determination was made after a hearing in which Haniyah had an opportunity to address the apparent misrepresentations that led to that determination. See Farah v. Ashcroft, 348 F.3d 1153, 1157-58 (9th Cir.2003). Her contention that she was denied such opportunity is not supported by the record. See Ahir v. Mukasey, 527 F.3d 912, 916 (9th Cir.2008); 8 C.F.R. § 208.20.
The record also lacks support for any contention that the admission of her medical records in the asylum proceeding materially affected the propriety of the frivolousness determination. Haniyah withdrew the application for asylum, so the documents at issue could not have affected the outcome of that proceeding. The documents were cumulative evidence to support the frivolousness determination, and there was, in any event, no material violation of the Health Insurance Portability and Accounting Act of 1996, 42 U.S.C. § 1320d, et seq., that would have required exclusion of the documents in an administrative proceeding. See 45 C.F.R. § 164.512(e)(1)®; Standards for Privacy of Individually Identifiable Health Information, 65 Fed.Reg. 82462-01, at 82529 to 82530 (Dec. 28, 2000). We asked for supplemental memoranda on the applicability of Chen v. Mukasey, 527 F.3d 935 (9th Cir.2008), which is relied on by the dissent, and neither party contended that it applies to this case.
PETITION DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.